GRACE ELLEN SOLLY ET AL., EXECUTORS, ETC., v. UNION TRANSFER COMPANY.

Decided December 1, 1927.

**Negligence—Death of Plaintiffs' Testator Through Collision of Automobiles—Judgment for Plaintiff—Award $25,000—Held, That Award was Not Excessive and That Jury was Justified in Finding That There was No Contributory Negligence.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the rule, *Starr, Summerill & Lloyd.*

*Contra, William J. Kraft* and *Albert S. Woodruff.*

PER CURIAM.

This suit was brought to recover the pecuniary loss sustained by the next of kin through the death of William Solly, who was killed on October 28th, 1925, when his automobile, which he was driving, collided with a truck belonging to the defendant corporation at the intersection of Third and Benson streets, in the city of Camden. The plaintiffs' claim was that the negligence of the driver of defendant's truck was the sole cause of the accident which resulted in Solly's death, and the jury so found. Based upon this finding, a verdict was rendered awarding the plaintiffs the sum of $25,000, and the defendant thereupon obtained the present rule to show cause.

The first contention made by the defendant before us is that the award of damages is excessive. We do not think so. The widow was the only next of kin of decedent. She was twenty-five years old at the time of the accident. Her husband was twenty-eight years old. They were each of them in good health, and each had an expectancy of life of approximately thirty-five years. The husband seems to have been a man of unusual business ability. On the 1st of January, 1924, he was employed by the Continental Life Insurance Company as one of its agents. During that year he earned in salary and commissions the sum of $3,741. During the ten months of the year 1925 preceding his death his salary and earnings totalled $7,745, more than double his first year's earnings. That the wife of such a man suffers a large pecuniary loss by his death cannot be doubted; and to us the award of the jury seems to be a reasonable one.

The only other contention submitted by the defendant is that the verdict is against the weight of the evidence on the question of the contributory negligence of the decedent. Our examination of the proofs lead us to the conclusion that the jury was justified in finding that none of the alleged acts of negligence on the part of the decedent discussed in the brief of the defendant were contributing causes to the accident.

For the reasons indicated, the rule to show cause will be discharged.